IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WHITE-SPUNNER CONSTRUCTION, INC., ) | |
| ) | |
| ) | CIVIL ACTION NUMBER |
| Plaintiff, ) | |
| ) | CV 10-158 |
| v. ) | |
| ) | |
| ZURICH AMERICAN INSURANCE COMPANY, ) | |
| OWNERS INSURANCE COMPANY, and ) | |
| EMPLOYERS MUTUAL CASUALTY ) | |
| COMPANY ) | |
| ) | |
| Defendants. ) | |

### EMPLOYERS MUTUAL CASUALTY COMPANY'S BRIEF IN RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Comes Now Defendant Employers Mutual Casualty Company (hereinafter "EMC") and hereby responds to Plaintiff White-Spunner Construction, Inc.'s ("general contractor") Opposition to EMC's Motion to Dismiss this declaratory judgment action.

This is a declaratory judgment action based upon an underlying state court action filed on or about July 21, 2009 in the Circuit Court of Mobile County, Alabama, entitled <u>Roberta D. Dueitt as Administratrix of the estate of Richard Dewayne Dueitt, Sr. deceased v. White-Spunner Construction, Inc., et al</u>, docket number 09-901356 (hereinafter "underlying state court action"). In this declaratory judgment action general contractor seeks a declaration that it is an additional insured under an insurance policy issued by EMC to its insured, Moore Electric Company, Inc. (hereinafter "Moore"). Moore is <u>not</u> a defendant in the underlying state court action.

EMC issued Commercial General Liability Policy No. 2D1 49 86 to Moore. The policy was in effect from November 1, 2008 to November 1, 2009. (Policy attached as Exhibit 1).

1

General contractor is not a named insured under Moore's EMC policy.  Any indemnity obligation is based upon general contractor's status as an additional insured under Moore's EMC policy.  EMC's policy contains a "blanket additional insured" which provides in pertinent part:

> A. SECTION II - WHO IS AN INSURED is amended to include as an additional insured any person or organization for whom you are performing operations when you have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, **in whole by**:
> 1. Your acts or omissions; or
> 2. The acts of omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured at the location designated above.
>
> B. With respect to the insurance afforded to this additional insured, the following exclusions apply:
> This insurance does not apply to:
> 1. "Bodily injury", "property damage" or "personal and advertising injury" resulting for any act or omission by, or willful misconduct of the additional insured shown in the Schedule, whether the sole or a contributing cause of the loss.  The coverage afforded to the additional insured is limited solely to the additional insured's "vicarious liability" that is a specific and direct result of your conduct.
>
> "Vicarious liability" as used in this endorsement means liability that is imposed on the additional insured solely by virtue of its relationship with you, and not due to any act or omission of the additional insured. . . .

(Policy Exhibit 1, emphasis added).

Under Moore's EMC policy, general contractor could *only* be an "additional insured" with respect to "bodily injury" caused **in whole** by Moore's acts or omissions or caused **in whole** by the acts or omissions of someone acting on Moore's behalf in the performance of its ongoing operations for general contractor. (Exhibit 1).  There is **no** allegation in the underlying state court action that the decedent's death was "**caused in whole**" by Moore's acts or omission or "**caused**

**in whole"** by the acts or omissions of anyone acting on Moore's behalf.[1]  In fact, to the contrary, underlying state court plaintiff asserts only claims against general contractor, Building Materials Wholesale, Inc., Jerry Reed Trucking, McAdams Vinyl Siding & Trim, Inc, Livingston Construction, Inc. and Buena Vista Construction, LLC.  (Amended Complaint attached as Exhibit A to General Contractor's Opposition Brief).  There is *no allegation* of negligence or wrongdoing on the part of Moore in the underlying state court action.  This declaratory judgment action fails to state a claim against EMC and is due to be dismissed against EMC.

Furthermore, general contractor could only be covered as an additional insured under Moore's EMC policy where the general contractor is held vicariously liable for Moore's conduct.  Again, there is *no* **allegation** before this Court that general contractor's liability arises because of Moore's actions or inactions.

As for EMC, this issue is distinguishable from the other defendant carriers' named insureds which *are* defendants in the underlying state court action and for which the underlying state court plaintiff is seeking to hold general contractor vicariously liable.  (Amended Complaint attached as Exhibit A to General Contractor's Opposition Brief).  According to the underlying state court complaint, the decedent's estate seeks recovery *against the general contractor* for the "wrongful actions or inactions of its subcontractors and vendors, Building Materials Wholesale, Inc; Jerry Reed Trucking; McAdams Vnyl Siding & Trim, Inc.; Livingston Construction, Inc.; and/or Buena Vista Construction, LLC, which proximately caused the death of Richard Dewayne Dueitt, Sr."  (Amended Complaint in Underlying State Court Action paragraph 6; attached as Exhibit A to General Contractor's Opposition Brief and Opposition Brief page 2).  Underlying state court plaintiff does not assert any claims against general contractor for any alleged actions

---

[1] Moore is not a defendant in the underlying state court action.

of EMC's insured, Moore.  General contractor confirms as such in its Opposition Brief page 2 citing only to the allegations of vicarious liability of the other carriers' insureds.

Based upon the allegations in the underlying state court action that are currently before this Court, general contractor does not and will not qualify as an "additional insured" under Moore's EMC policy.  EMC is entitled to be dismissed from this declaratory judgment action.  There is no basis for this declaratory action against EMC and it is not well taken.

This action is also due to be dismissed as a determination of the duty to indemnify is not ripe at this time because of the pending underlying state court action. See e.g. Guaranty National Insurance Company v. Beeline Stores, Inc., 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996); Assurance Co. of America v. Legendary Home Builders, Inc., 305 F.Supp.2d 1266, 1270 (S.D.Ala.2003); Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F.Supp.2d 1205, 1211-12 (S.D. Ala.2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability to the movants.").

General contractor's entire declaratory judgment action is based upon its allegation that it is an additional insured under various insurance policies.  The basis for determining general contractor's additional insured status is dependent upon the underlying state court action.  Based upon the allegations in the underlying state court action, there is no claim for which the general contractor would qualify as an additional insured under Moore's EMC policy.

While general contractor contends that the duty to defend is appropriate for determination at this time and "this Court has all it needs to decide the duty to defend under the three subject

policies right now"[2], should this Court retain jurisdiction to determine any defense obligations, based upon the allegations in the underlying state court action and EMC's policy language, EMC is entitled to dismissal as there is no allegation to support a finding that EMC owes a duty to defend the general contractor in the underlying state court action.

    WHEREFORE, Defendant EMC respectfully moves this Court to dismiss this declaratory judgment action as against EMC. Alternatively, Defendant EMC moves this Court to stay this proceeding pending a resolution of the underlying state court action.

    Respectfully Submitted,

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Jon M. Hughes ASB-9227-h68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Employers Mutual Casualty Company

OF COUNSEL:

KEE & SELBY, L.L.P.
1900 International Park Drive
Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

---

[2] General Contractor's Opposition Brief page 24.

## CERTIFICATE OF SERVICE

I do hereby certify that on the 22nd day of June, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Kile T. Turner, Esq.
Norman, Wood, Kendrick & Turner
505 20th Street North
Suite 1600
Birmingham, Alabama 35203

Amelia T. Driscoll, Esq.
Thomas M. O'Hara, Esq.
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama  36601

Joel H. Pearson
Roger S. Morrow
P.O. Box 4804
Montgomery, Alabama 36103

                                    /s/James A. Kee, Jr. ASB-4314-e68j
                                    OF COUNSEL