IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITE-SPUNNER CONSTRUCTION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:10-cv-00158-WS-C |
| ZURICH AMERICAN INSURANCE COMPANY, OWNERS INSURANCE COMPANY, and EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ZURICH AMERICAN INSURANCE COMPANY'S REPLY BRIEF SUPPORTING ITS MOTION TO DISMISS

Defendant Zurich American Insurance Company ("ZAIC") hereby replies to Plaintiff's Opposition to Defendants' Motions to Dismiss or, in the Alternative, Motions to Stay Proceedings ("White-Spunner's Opposition") [Doc. 32] as follows:

## White-Spunner has Failed to Join a Necessary and Indispensable Party

As ZAIC made clear in its opening brief, Plaintiff White-Spunner Construction, Inc.'s ("White-Spunner") Amended Complaint should be dismissed because White-Spunner has failed to name the plaintiff from the underlying Dueitt Lawsuit as a necessary and indispensable party in this declaratory judgment action. See ZAIC's Mot. to Dismiss or, Alternatively, to Stay and Supporting

Br. at ¶ 4 ("ZAIC's Motion") [Doc. 24].  In its Opposition,
White-Spunner, citing out-of-state case law, attempts to refute
this suggestion by arguing that the plaintiff in the Dueitt
Lawsuit need not be named as a party in this declaratory
judgment action because it was filed by an <u>insured</u>, not an
<u>insurer</u>.  <u>See</u> White-Spunner's Opposition at 5 to 6.  Plaintiff
is absolutely incorrect, as the United States District Court for
the Northern District of Alabama made aptly clear in <u>Earnest v.
State Farm Fire & Cas. Co.</u>, 475 F. Supp. 2d 1113 (N.D. Ala.
2007).

In <u>Earnest</u>, a tort claimant filed a lawsuit against a
landowner, alleging that improperly cut grass on the landowner's
property had blocked the view of traffic, thereby causing an
automobile accident between two motorists.  <u>See</u> <u>id.</u> at 1114 (the
"tort suit").  Thereafter, the landowner filed a state court
action against his liability insurer ("State Farm"), alleging
that State Farm had breached its duty to defend and indemnify
him in the tort suit (the "insurance suit").  <u>Id.</u>  In addition
to State Farm, the landowner also named the motorists from the
tort suit as defendants in the insurance suit, reasoning that
"an adjudication of insurance coverage or non-coverage
affect[ed] each of them, and he want[ed] the [individual]
defendants to be bound by a resulting declaratory judgment."
<u>Id.</u> at 1114, 1115.

State Farm removed the insurance suit, arguing that the motorists had been fraudulently joined for the purpose of defeating diversity. Id. at 1115. State Farm contended – just like White-Spunner contends in the instant action – that "the individual defendants [were] not indispensable parties and thus should not have been joined in the Complaint." Id. at 1116.

The district court disagreed with State Farm. In doing so, it noted the well-established Eleventh Circuit rule that "absent tort claimants [are] indispensable parties to [an] insurer's declaratory judgment action against [an] insured because, were the case allowed to proceed without them, the claimant's interests would be prejudiced." Id. (internal quotations omitted). Then, and as is particularly relevant here, the court made clear that the same rationale applied when the insured, as opposed to the insurer, filed the declaratory judgment action, reasoning that "[w]hile it may be unusual for an individual to bring an action to declare the obligations of his insurer, **the underlying tort plaintiff would be an indispensable party no matter who initiated the complaint; otherwise, he or she would not be bound by the result.**" Id. at 1117 (emphasis added).[1]

Therefore, and notwithstanding the assertions in White-Spunner's Opposition to the contrary, the plaintiff in the underlying Dueitt Lawsuit is an indispensable party in this

---

[1]     Not surprisingly, White-Spunner ignored Earnest in its Opposition.

action and, because she has not been named as a party, White-Spunner's action is due to be dismissed.  See ZAIC's Motion at ¶ 4.

### White-Spunner's Indemnity-Related Claim is Premature

White-Spunner concedes, as it must, that its claim for a declaratory judgment on the question of ZAIC's alleged duty to indemnify it in connection with the Dueitt Lawsuit is not ripe. See White-Spunner's Opposition at 2.  Therefore, that claim should be dismissed or, alternatively, stayed pending resolution of the Dueitt Lawsuit.  See, e.g., Penn. Nat'l Mut. Cas. Ins. Co. v. Roberts Bros., Inc., 550 F. Supp. 2d 1295, 1302-03 (S.D. Ala. 2008); State Farm Fire & Cas. Co. v. Myrick, 2007 WL 3120262, at *2-*3 (M.D. Ala. Oct. 23, 2007); Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005); Guar. Nat'l Ins. Co. v. Beeline Stores, Inc., 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996).

### White-Spunner's Defense-Related Claim Should be Stayed

Should the Court deny ZAIC's motion to dismiss this action, the Court should nonetheless stay this action pending resolution of the Dueitt Lawsuit, just as the United States District Court for the Southern District of Florida did in Triple R Paving, Inc. v. Liberty Mutual Insurance Co., 510 F. Supp. 2d 1090 (S.D.

Fla. 2007).   In that case, just like in this one, a general
contractor brought a declaratory judgment action against its
subcontractor's insurer, seeking an order requiring the insurer
to defend and indemnify it in an underlying state court action.[2]
Id. at 1091-93.

The district court ultimately decided to stay the general
contractor's declaratory judgment action, including its claim
that the insurer was obligated to defend the general contractor
based on "additional insured" coverage, pending resolution of
the underlying state court claims.   Id. at 1095, 1097.   In doing
so, the Court reasoned as follows:

> The underlying facts and liabilities have
> not yet been established, so it is unclear
> whether [the general contractor's] liability
> will arise out of its own independent work
> on the highway project, or will arise out of
> [the subcontractor's] operations on the
> project. . . . Without knowing where the
> ultimate liabilities lie, the Court cannot
> issue a declaratory judgment as to whether
> [the insurer] has a duty to defend [the
> general contractor] pursuant to the
> "additional insured" portion of its policy.

Id. at 1095 (noting that "[a]ny liability for failure [to warn]
. . . could very well be borne by [the general contractor] and

---

[2]    In the underlying state court action, the plaintiff ("Matthews") sued
the general contractor and its subcontractor after he was injured in a
motorcycle accident that was allegedly caused by the defendants' faulty road
construction work.   Id. at 1091-92.   In his complaint, Matthews alleged that
the general contractor and the subcontractor had negligently created and
maintained a dangerous condition in the road and had failed to warn potential
roadway users of the dangerous condition.   Id.

its own insurers, because this liability may not have arisen out
of [the subcontractor's] operations").

    In its Opposition, White-Spunner attempts to distinguish
Triple R by arguing that, unlike in that case, the plaintiff in
the Dueitt Lawsuit has not sued White-Spunner:

> [F]or failing to warn. **Rather, the underlying Complaint and Amended Complaint center allegations only on the construction of handrails which White-Spunner did not construct. Therefore, it is clear that . . . White-Spunner could only be held vicariously liable for the conduct of Defendants' insureds** and there is no reason for this Court to stay this action as the *Triple R* Court did.

White-Spunner's Opposition at 17 (emphasis added).   White-
Spunner could not be more incorrect about its potential
liability in the Dueitt Lawsuit.

    As an initial matter, the plaintiff in the Dueitt Lawsuit
alleges much more than just improper "construction of handrails
which White-Spunner did not construct."   To the contrary, she
alleges negligent and/or wanton (a) removal and reinstallation
of the hand and knee rails, (b) failure to conceptualize and
design the hand and knee rail system, (c) failure to provide the
plaintiff's intestate with a safe place to work, and (d) failure
to provide the plaintiff's intestate with reliable safety
equipment, systems, and devices.   See White-Spunner's Opposition
at Ex. A, ¶¶ 8(A)-(D) & 10 (A)-(D).   White-Spunner might be

found individually (not just vicariously) liable for any one of these claims. <u>See</u> <u>id.</u> at Ex. A, ¶¶ 8 (alleging that "her husband's death was proximately caused by the negligence of . . . WHITE-SPUNNER CONSTRUCTION, INC.") and 10 (alleging that "the injuries and damages suffered by her husband were the proximate result and consequence of the wantonness of . . . WHITE-SPUNNER CONSTRUCTION, INC."). Therefore, White-Spunner's contention that its only potential liability in the Dueitt Lawsuit is of a vicarious nature is demonstrably incorrect. To the contrary, there is a very real possibility that White-Spunner will be held liable for its own (not its just subcontractors') allegedly negligent and/or wanton conduct. For that reason, it is impossible, just as it was impossible in the <u>Triple R</u> case, to know at this premature date "where the ultimate liabilities" in the Dueitt Lawsuit will "lie." 510 F. Supp. 2d at 1095. Therefore, this Court should stay this action just like the <u>Triple R</u> court did.


## Conclusion

For all of the reasons outlined here and in ZAIC's opening motion, White-Spunner's declaratory judgment action should be dismissed or, alternatively, stayed pending resolution of the Dueitt Lawsuit.

Respectfully submitted,

/s/ Amelia T. Driscoll
THOMAS M. O'HARA      (OHART4140)
tohara@mcdowellknight.com
AMELIA T. DRISCOLL   (DRISA0276)
adriscoll@mcdowellknight.com

Attorneys for Defendant
Zurich American Insurance Company

OF COUNSEL:

McDOWELL KNIGHT ROEDDER & SLEDGE, LLC
Post Office Box 350
Mobile, Alabama 36601
Phone: (251) 432-5300
Fax: (251) 432-5303

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2010, I caused a copy of the foregoing to be served on the following persons by use of the Court's electronic filing system and/or by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to:

> KILE T. TURNER, ESQ.
> Norman, Wood, Kendrick & Turner
> Financial Center – Suite 1600
> 505 20th Street North
> Birmingham, AL 35203
>
> ROGER S. MORROW, ESQ.
> JOEL H. PEARSON, ESQ.
> Morrow, Romine & Pearson, P.C.
> P.O. Box 4804
> Montgomery, AL  36103-4804
>
> JAMES A. KEE, JR., ESQ.
> JON M. HUGHES, ESQ.
> CYNTHIA A. MARTIN, ESQ.
> Kee & Selby, L.L.P.
> 1900 International Park Drive
> Suite 220
> Birmingham, AL  35243

> /s/ Amelia T. Driscoll
> OF COUNSEL

9