IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WHITE-SPUNNER CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 1:10-CV-00158-WS-C |
| ) | |
| ZURICH AMERICNA INSURANCE COMPANY, OWNERS INSURANCE COMPANY, and EMPLOYERS MUTUAL CASUALTY COMPANY, ) ) ) ) ) ) | |
| ) | |
| Defendants. | |

**RESPONSE OF OWNERS INSURANCE COMPANY TO PLAINTIFF WHITE-SPUNNER CONSTRUTION, INC.'S OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STAY PROCEEDINGS**

**COMES NOW** Defendant, Owners Insurance Company (Owners Insurance) and pursuant to this Honorable Court's June 1, 2010 order (Doc. 18) and responds to Plaintiff White-Spunner Construction, Inc.'s opposition to motion to dismiss, or in the alternative, motion to stay proceedings (Doc. 32) as follows:

## INTRODUCTION

This action is a declaratory judgment action regarding the obligation, if any, of certain insurers to provide a defense and/or indemnity to White-Spunner Construction, Inc., regarding any judgment or settlement in the underlying action

styled *Dueitt v. White-Spunner Construction, Inc., et al.*, CV-2009-901356 filed in the Circuit Court of Mobile County, Alabama. (*See* Doc. 13 at p. 1-2 and Doc. 32 at p. 1-2).

Contrary to the assertion of White-Spunner in its opposition, Owners Insurance has not refused to defend White-Spunner. In fact, prior to the filing of White-Spunner's opposition, Owners Insurance, through its counsel, advised White-Spunner, through its counsel, by letter dated May 13, 2010 that Owners Insurance would undertake to provide subject to a full and complete reservation of rights a *pro rata* share of the defense of White-Spunner in the underlying action. White-Spunner did not respond to Owners Insurance's May 13, 2010, letter. Owners Insurance has also now offered to provide a reservation of rights defense of claims allegedly arising out of the acts of Owners Insurance's insureds, Livingston Construction, Inc., and McAdams Vinyl Siding & Trim, Inc., to White-Spunner, through separate assigned defense counsel, subject to a full and complete reservation of all of Owners Insurance's rights and defenses under the subject insurance policies.

On May 28, 2010 Owners Insurance filed a motion to dismiss Plaintiff's complaint for declaratory judgment or, in the alternative, motion to stay proceedings (Doc. 12) and a supporting brief (Doc. 13). Employers Mutual Casualty Company (EMC) filed a motion to dismiss on June 1, 2010 (Doc. 20),

2

and Zurich American Insurance Company (Zurich) filed a motion to dismiss or, alternatively, to stay and supporting brief on June 7, 2010 (Doc. 24). Plaintiff White-Spunner served its opposition on June 15, 2010 (Doc. 32).

Contemporaneously with this response, Defendant Owners Insurance has filed a motion to join Amerisure Insurance Company, who Owners Insurance understands was the Commercial General Liability insurer of White-Spunner Construction, Inc., at times material to this action, as a party herein.

## I
## PLAINTIFF CONCEDES THAT THE DETERMINATION OF THE DUTY TO INDEMNIFY IS PREMATURE

On page 2 of its brief and opposition (Doc. 32), Plaintiff White-Spunner concedes that a ruling on the duty to indemnify is premature absent a judgment in the underlying case. *See* Doc. 32 at p. 2; *see also* Doc. 13 at p. 5, ln. 5-11; *Fortson v. St. Paul Fire & Marine Ins. Co.* 751 F. 2d 1157, 1160-1 (11th Cir. 1985). Although White-Spunner suggests a stay is appropriate as to this issue, courts have dismissed, without prejudice, rather than stayed declaratory judgment actions with respect to claims regarding the duty to indemnify. *See e.g. Colony Ins. Co. v. Floyd's Prof. Tree Svc.*, 2008 WL 2705123 (M.D. Ala. 2008).

## II
## IF THE COURT RETAINS SUBJECT MATTER JURISDICTION, AMERISURE INSURANCE SHOULD BE ADDED AS A PARTY

**A.    Only The Duty To Defend Is Potentially Ripe For Adjudication**

Upon Plaintiff White-Spunner's concession that the determination of the duty to indemnify by this Court would, at this time, be premature, Plaintiff White-Spunner proceeds to assert in its opposition that Plaintiff in the underlying action (the estate of *Dueitt*) is not a required, necessary nor indispensable party in this action at least as to the duty to defend. *See* Doc. 32 at p. 5, ln.15-16; *see also* Doc. 32 at p. 6, fn. 2; Doc. 32 at p. 8, ln. 21-22 "*Dueitt* … has no interest in the duty to defend determination . . ."; Doc. 32 at p. 9, ln. 8-10 "*Dueitt* cannot be considered a necessary party … to determining … obligations to defend . . ."; Doc. 32 at p. 9, fn. 4 "*Dueitt's* status as a necessary party is completely diluted if this Court stays the claim for indemnification and moves forward on the defense determination."

Owners Insurance continues to assert that the Plaintiff in the underlying action is a necessary party in any declaratory judgment proceeding wherein the indemnity rights and obligations of the parties are to be determined. See *American Safety Cas. Ins. Co. v. Condor Assoc.*, Ltd, 129 Fed. Appx. 540, 541 (11th Cir. 2005). Owners Insurance also asserts that a declaration of indemnity obligations is premature absent a determination of liability. *See id*; *see also Employees Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211 (S. D. Ala. 2005).

In regard to declaratory judgment proceedings limited to the duty to defend, Owners Insurance has not found Alabama case law addressing the necessity of the

joinder of the underlying Plaintiff as a party. Owners Insurance does not oppose proceeding with a determination of the insurer's defense obligations if all insurers are parties to that determination and those proceedings. Thus, given the present posture of this case, including White-Spunner's abandonment of its demand for declaratory relief regarding the duty to indemnify, and its assertion of defense costs it purports to have incurred, Owners Insurance believes a determination of the duty to defend may be ripe and appropriate for adjudication upon joinder of Amerisure as a Co-Defendant and as necessary required party and/or as a real party in interest herein. *See* FED. R. CIV. P. 17(a)(1) and (3) and 19(a).

**B. Amerisure Insurance Should Be Added As A Co-Defendant As A Required/Necessary And Indispensable Party Or As A Real Party In Interest**

In its motion and brief Owners Insurance asserted that Plaintiff's complaint is due to be dismissed for failure to name the Plaintiff in the underlying action (Estate of Dueitt) as a necessary and indispensable i.e., a required party, pursuant to FED. R. CIV. P. 19(b). As stated above, White-Spunner has now conceded that the duty to indemnify is not ripe for adjudication and that only a determination as to the duty to defend is sought at this time. *See* Doc. 32 at p. 5, ln.15-16; *see also* Doc. 32 at p. 6, fn. 2; Doc. 32 at p. 8, ln. 21-22; Doc. 32 at p. 9, ln. 8-10; Doc. 32 at p. 9, fn. 4 "*Dueitt's* status as a necessary party is completely diluted if this Court

stays the claim for indemnification and moves forward on the defense determination."

Attached to the submission of Plaintiff White-Spunner is the Affidavit of C. William Daniels, Jr., stating that attorney's fees and expenses have been incurred in the defense of White-Spunner in excess of $130,000.00. *See* Doc. 32-3. White-Spunner further asserts in its opposition that the jurisdictional minimum/requisite amount in controversy is also demonstrated by the amount of defense costs incurred by White-Spunner in defending the underlying action. *See* Doc. 32 at p. 12-16. White-Spunner's complaint herein also demands reimbursement of all defense costs incurred. (Doc. 7 at p. 5).

On information and belief, Amerisure Insurance Company is the insurer for Plaintiff White-Spunner and is the party that has incurred the defense costs referred to in the Affidavit of Mr. Daniels attached to White-Spunner's opposition. On information and belief, Amerisure Insurance Company is also obligated to provide a defense or indemnity to White-Spunner under a liability insurance policy issued to White-Spunner. (*See* Doc. 32 at p. 15, ln. 16-20 and Doc. 32-3).

Although the complaint alleges, *inter alia*, that White-Spunner's liability arises out of the wrongful actions or inactions of its subcontractors (Doc. 13-1 at p.5 ¶6), the amended complaint in the underlying action also alleges that the death of Plaintiff's decedent was proximately caused by the negligence or wantonness of

6

all Defendants including White-Spunner (Doc. 13-1 at p. 6 ¶8 and p.8 ¶10). The subject indemnity provisions of the subcontract agreements in question specifically limits indemnity of White-Spunner to "claims against the contractor [which] arise out of, result from, or are unrelated to any underlying action or inaction of the subcontractor, its employees or agents." (Doc. 13-2 at p. 18). Thus, indemnity is not required under the subcontracts where the claims alleged against White-Spunner do not arise out of, result from, or are in any way related to any underlying action or inaction of the subcontractor, its employees or agents.

Similarly, the additional insured endorsement of the Owners Insurance policy specifically provides that an additional insured "is an additional insured, only with respect to liability arising out of 'your [the named insured's] work' for that additional insured by or for you [the named insured]." The endorsement makes it clear that White-Spunner is at most an additional insured with respect to its liability arising out of McAdams' or Livingston's work for White-Spunner. White-Spunner is not an additional insured and is not entitled to a defense or indemnity under the Owners Insurance policies issued to McAdams' or Livingston's with respect to liability arising out of White-Spunner's own negligent, wanton or other wrongful conduct and/or liability arising out of the conduct of other subcontractors that are not an Owners Insurance named insured.

7

Plaintiff, White-Spunner Construction, Inc., filed this declaratory judgment action for the stated purpose of seeking a declaration that certain insurers have a duty to defend White-Spunner in an underlying Mobile County Circuit Court Civil Action and further seeking reimbursement of all defense costs incurred. *See* Doc. 7 at p. 4 ¶ 20 and p. 5 ¶ 22. Amerisure Insurance is the insurer of Plaintiff White-Spunner that is providing a defense to White-Spunner in the underlying Mobile County Circuit Court Civil Action and is the party that has incurred the defense costs demanded and sought to be recovered by White-Spunner in this action. Thus, Amerisure Insurance is a real party in interest with regard to costs of the defense and/or reimbursement sought and/or has or claims an interest relating to the subject of this action. Amerisure should, therefore, be joined as a party to this action for a complete adjudication of the defense obligations of the parties, if any, to White Spunner. *See* FED. R. CIV. P. 17; *see also* FED. R. CIV. P. 19(a)(1)(A) and (B).

### III.
### IF THE COURT RETAINS JURISDICTION, THE COURT SHOULD ORDER THE JOINDER OF AMERISURE AND SHOULD SPECIFICALLY DEFINE WHAT DEFENSE OBLIGATIONS, IF ANY, ARE OWED BY THE PARTIES

In *Porterfield v. Audubon Indemnity Co.*, 856 So. 2d 789 (Ala. 2002), the Alabama Supreme Court recognized the Court in an insurance declaratory judgment action should allocate costs incurred in defending an underlying action alleging both claim that were covered and claims that were not covered under an

insurance policy. *Id.* at 807; *see also* ALLEN, Alabama Liability Insurance Handbook §9-6 (June 2007 Supp.). The Alabama Appellate Courts have also recognized the authority of the Court in an insurance declaratory judgment action to apportion indemnity obligations among parties. *See Holcim v. Ohio Cas. Ins Co.*, 2009 WL 3805799 at * 4-6 (Ala. Nov. 13, 2009).

In the event the Court retains jurisdiction of this matter for a determination of the defense obligation of the Defendant insurers as to any of the claims alleged in the underlying complaint, the Court should also order the joinder of Amerisure Insurance, the liability insurer of White-Spunner, as an additional Defendant so all interested insurers having an interest relating to the subject of the action are before the Court and so that the Court may allocate and determine an appropriate allocation formula for payment of defense and litigation costs between the insurers in the event the Court determines a defense is owed by the Defendants in this action.

Dated this the 22nd day of June, 2010.

Respectfully Submitted,

_____
ROGER S. MORROW
**Federal Bar Number: MORRR4980**

_____
JOEL H. PEARSON
Federal Bar Number: PEARJ8033
*Attorneys for Defendant Owners Insurance Company*

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone: (334) 262-7707**
**Facsimile:  (334) 262-7742**
rsmorrow@mrplaw.com
jhpearson@mrplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on _June 22, 2010_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I am serving the foregoing document to the following:

Kile T. Turner, Esq.
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL 35203
*Attorney for Plaintiff White-Spunner Construction, Inc.*

James A. Kee, Jr., Esq.
Cynthia Ann Pound Martin, Esq.
Jon M. Hughes, Esq.
Kee & Shelby, LLP
1900 International Park Dr., Ste. 220
Birmingham, AL 35243
*Attorneys for Defendant Employers Mutual Casualty Company*

Amelia T. Driscoll, Esq.
Thomas M. O'Hara, Esq.
McDowell, Knight, Roedder & Sledge, LLC
P.O. Box 350
Mobile, AL 36601
*Attorneys for Defendant Zurich American Insurance Company*

10

Respectfully submitted,

/s/ Joel H. Pearson

JOEL H. PEARSON
Federal Bar No.: PEARJ8033
One of the Attorneys for Defendant
Owners Insurance Company
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742
E-mail: jhpearson@mrplaw.com