IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WHITE – SPUNNER CONSTRUCTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 10-158 |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, | ) | |
| OWNERS INSURANCE COMPANY, | ) | |
| and EMPLOYERS MUTUAL CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held on July 14, 2010 via telephone and was attended by:

Kile Turner for Plaintiff;

Joel H. Pearson for Defendant, Owners Insurance Company;

Amelia Driscoll for Defendant, Zurich American Insurance Company; and

Jon Hughes for Defendant, Employers Mutual Casualty Company.

The parties do not request a conference with the court before entry of the scheduling order.

1.  Narrative Statements of Fact

a.  Plaintiff's Narrative Statement of Facts:

White-Spunner is a general contractor headquartered in Mobile, Alabama. It was a general contractor for construction of the Olde Oaks Apartment complex, signing the contract on August 20, 2008, with the owners to begin construction soon thereafter.

White-Spunner, as the general contractor, hired numerous subcontractors. As a condition to their hiring, each subcontractor was required to carry a policy of commercial general liability insurance that named White-Spunner as an additional insured. Certificates of insurance were required to be produced evidencing the addition of White-Spunner as an additional insured to each subcontractor's policy.

On March 17, 2009, Richard Dewayne Dueitt died as a result of an on-the-job accident. White-Spunner, along with several subcontractors, has been sued by the Estate of Dueitt. One of the counts against White-Spunner is for vicarious liability as a result of the actions and/or omission of certain contractors. White-Spunner, as an additional insured, has sought a defense from the defendant carriers, which have denied the request. However, recently, Owners Insurance, as insurer to Livingston Construction Company and McAdams Vinyl and Siding has agreed to appoint *separate* defense counsel for White-Spunner. The complaint filed by White-Spunner is a one count complaint seeking a declaration from this Court that each of the defendant carriers owes White-Spunner a defense for the claims of vicarious liability.

    b.    Defendants' Narrative Statements of Fact

    (i)    General Narrative Statement Of All Defendants

This declaratory judgment action, which was filed by White-Spunner Construction, Inc. ("White-Spunner") against Defendants Zurich American Insurance Company ("ZAIC"), Owners Insurance Company ("Owners Insurance"), and Employers Mutual Casualty Company ("Employers Mutual"), is based upon an underlying state court action, styled *Roberta D. Dueitt, as Administratix of the Estate of Richard Dewayne Dueitt, Sr., deceased v. White-Spunner Construction, Inc., et al.*, Civil Action No. CV-2009-901356, currently pending in the Circuit Court of Mobile County, Alabama (the "Dueitt Lawsuit"). In that lawsuit, the plaintiff alleges

that her husband was killed in an on-the-job accident at an apartment complex construction project in Saraland, Alabama on March 17, 2009. The plaintiff's intestate was allegedly working for Moore Electric Company ("Moore") at the time of his death. White-Spunner was the general contractor on the project. In addition to White-Spunner, the plaintiff in the Dueitt Lawsuit has sued Building Materials Wholesale, Inc. ("BMW"), Jerry Reed Trucking, Livingston Construction, Inc. ("Livingston"), and McAdams Vinyl Siding & Trim, Inc. ("McAdams"). The plaintiff has asserted negligence and wantonness claims against all of the defendants, including White-Spunner, based on each defendant's individual conduct. The plaintiff has also asserted vicarious liability against White-Spunner based on the alleged actions of its subcontractors and material suppliers.

On April 1, 2010, White-Spunner filed the instant declaratory judgment action against ZAIC, Owners Insurance, and Employers Mutual.[1] In it, White-Spunner seeks an order declaring that the defendant insurers have a duty to defend and indemnify it in connection with the Dueitt Lawsuit because it has been named as an additional insured under insurance policies issued to the defendants' insureds (BMW, Livingston, McAdams, and Moore respectively). White-Spunner also seeks an order declaring that, because the insurers breached their duty to defend White-Spunner, they must reimburse White-Spunner for all of the defense costs it has incurred since it tendered its claim for defense and indemnity.[2]

---

[1] BMW is insured by ZAIC, Livingston and McAdams are insured by Owners Insurance, and Moore, who was not named as a defendant in the Dueitt Lawsuit, is insured by Employers Mutual.

[2] On December 17, 2009, White-Spunner filed a third-party complaint against Moore Electric in the Dueitt Lawsuit. On May 28, 2010, White-Spunner filed cross-claims against BMW, Livingston, and McAdams in the Dueitt Lawsuit. In its third-party complaint White-Spunner alleged that Moore had wrongfully refused to defend and/or indemnify White-Spunner in the Dueitt Lawsuit. In its cross-claim, White-Spunner alleged that all three cross-claim defendants, as well as their insurers, had wrongfully refused to defend and/or indemnify White-Spunner in the Dueitt Lawsuit. White-Spunner asked the court to enter a judgment in favor of White-Spunner and against the third-party defendant and the cross-claim defendants, awarding White-Spunner any and all costs and expenses it incurred in defending the Dueitt Lawsuit and any and all amounts for which it might be held liable to the plaintiff in that case.

(ii)    Defendant Zurich American Insurance Company's Additional Narrative:

The "additional insured" endorsement in the ZAIC policy at issue in this litigation amends the definition of an "insured" to include "any person or organization who [BMW is] required to add as an additional insured on this policy under a written contract or written agreement." Although White-Spunner entered into written subcontracts containing indemnity provisions with both Livingston and McAdams, White-Spunner never entered into any subcontract with BMW. Moreover, the certificate of insurance that was attached as Exhibit 1 to White-Spunner's complaint was issued by Marsh USA, Inc., not ZAIC.[3] Needless to say, there is no contract between BMW and White-Spunner stating an obligation to procure insurance. Therefore, under the plain language of ZAIC's policy, ZAIC is not required to defend or indemnify White-Spunner in connection with the Dueitt Lawsuit.

The "additional insured" endorsement in the ZAIC policy at issue in this litigation also makes clear that the insurance provided to the additional insured applies only with respect to liability for bodily injury caused, in whole or in part, by:

    1.    [BMW's] acts or omissions; or

    2.    The acts or omissions of those acting on [BMW's] behalf;
        and resulting directly from:

        a)    [BMW's] ongoing operations performed for the additional insured, which is the subject of the written contract or written agreement . . .

As noted above, the plaintiff in the Dueitt Lawsuit has asserted negligence and wantonness claims against White-Spunner based on White-Spunner's own misconduct. To the extent the jury determines that White-Spunner is liable for its own misconduct, and not for the alleged

---

[3]    In any event, the Certificate of Insurance makes clear that: (1) "the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies[;]" (2) it is has been "issued as a matter of information only and confers no rights upon the certificate holder[;]" and (3) it "does not amend, extend or alter the coverage afforded by the policies below."

misconduct of BMW, ZAIC has no obligation to defend or indemnify White-Spunner under the plain language of its policy.

The "additional insured" endorsement in the ZAIC policy at issue in this litigation also makes clear that ZAIC "will not extend any insurance coverage to any additional insured . . . [t]hat is any broader coverage than [BMW is] required to provide to the additional insured . . . in the written contract or written agreement." The "written contract" on which White-Spunner relies as a basis for its claims against ZAIC[4] is a purchase order that, in the "WORKER'S COMPENSATION AND INSURANCE" section of its "general conditions," states that "Vendor [BMW] shall provide and keep in force Worker's Compensation Insurance and Public Liability and Property Damage Insurance to protect the Vendee [White-Spunner] against claims arising out of . . . [BMW's] operations." To the extent the jury determines that White-Spunner is liable for its own misconduct, as opposed to conduct arising out of BMW's operations, ZAIC has no obligation to defend or indemnify White-Spunner under the plain language of its policy.

Because there is no written contract between BMW and White-Spunner stating an obligation to procure insurance and because there has been no determination in the Dueitt Lawsuit regarding White-Spunner's liability, ZAIC has no obligation to defend or indemnify White-Spunner in that litigation. To the contrary, ZAIC justifiably denied White-Spunner's tender.

ZAIC adopts and incorporates by reference all of the arguments advanced in the briefing related to its pending motion to dismiss.

(iii)   Defendant Owners Insurance Company's Additional Narrative:

---

[4]   As noted above, ZAIC expressly denies that there is any written contract between BMW and White-Spunner that states an obligation to procure insurance as required by the "additional insured" endorsement of the ZAIC policy at issue in this litigation.

The indemnity provisions under the subject subcontract agreements between White-Spunner and Owners Insurance's insureds, Livingston Construction, Inc., and McAdams Vinyl Siding & Trim, Inc., specifically limits indemnity of White-Spunner to "claims against the contractor [which] arise out of, result from, or are in any way related to any underlying action or inaction of the subcontractor, its employees or agents." Indemnity is not required under the subcontracts where the claims alleged against White-Spunner do not arise out of, result from, or are unrelated to any underlying action or inaction of the subcontractor, its employee or agents. The additional insured endorsement contained in Owners Insurance insurance policies provide White-Spunner is an additional insured only with respect to liability arising out of the named insured's work for White-Spunner.

In addition to claims in the underlying complaint alleging claims of vicarious liability of White-Spunner, the amended complaint in the underlying action also alleges the independent negligence or wantonness of White-Spunner as well as of Defendants other than Owners Insurance's insureds, Livingston and McAdams. Furthermore, in the underlying action Owners Insurance's insureds deny any liability, deny their actions or inactions proximately caused the death of the underlying Plaintiff's decedent and deny that the claims therein arise from their (Owners Insurance's insureds') operations.

White-Spunner originally filed this declaratory judgment action originally seeking a declaration as to both the duty to defend and the duty to indemnify. White-Spunner has expressly or tacitly acknowledged that its request for a declaration as to the duty to indemnify is premature prior to judgment in the underlying action.

Owners Insurance is currently defending White-Spunner, under a reservation of rights, in the underlying action for claims allegedly arising out of the Owners Insurance's named insureds'

work for White-Spunner. Thus, there is no case or controversy as to Owners Insurance's duty to defend White-Spunner. White-Spunner also seeks a declaration that it is entitled to reimbursement of defense costs paid in the underlying litigation. White-Spunner, however, admits that it has not paid those defense costs and that such costs have been paid by White-Spunner's insurer, Amerisure Insurance. Thus, Amerisure, not White-Spunner, is the real party in interest and/or an indispensable and/or required party in this action. White-Spunner has no right to seek reimbursement of past defense costs paid by Amerisure, and a determination of the duty to indemnify is premature; therefore, the only issue that could be adjudicated by White-Spunner and Owners Insurance is the allocation of defense costs/expenses between the insurers, including Amerisure.

Alabama law requires an interested party be joined to be bound by a declaration by a Court. *See* '6-6-224, CODE OF ALA. (1975). Owners Insurance will be prejudiced if Amerisure is not made a party, if White-Spunner is permitted to maintain claims for reimbursement of defense costs paid by Amerisure.

The Court has authority to make an appropriate allocation of defense costs among the insurers in this case. If the Court retains jurisdiction of this action, Amerisure should be made a party and there should be a determination of Zurich American Insurance Company's and Employer's Mutual Casualty Company's duty to defend White-Spunner. If Amerisure is not due to be added as a party to this action and if there can be no allocation of defense costs at this time, then Defendant Owners Insurance is due to be dismissed as a defendant in this action because there is no case or controversy as to Owners Insurance's duty to defend White-Spunner, and White-Spunner has no right of recovery from Owners Insurance of any past defense cost paid by Amerisure.

Owners Insurance adopts and incorporates by reference the arguments set forth in its pending motion to dismiss and motion to add Amerisure and Owners Insurance's briefs in support thereof.

(iv)   Defendant Employer's Mutual Casualty Company's Additional Narrative:

Defendant Employers Mutual Casualty Company ("EMCC") has pending before the Court a Motion to Dismiss, which it contends is due to be granted. In addition to the grounds for dismissal asserted in its Motion to Dismiss, EMCC asserts that it does not owe a duty to defend or indemnify White-Spunner in the underlying lawsuit under the terms of the EMCC policy issued to its insured, Moore Electric Company, Inc. White-Spunner is not an additional insured under the policy and is therefore not entitled to coverage or a defense. Additionally, EMCC relies upon all other provisions of its policy, including applicable exclusions and conditions. Employer's Mutual Casualty Company adopts and incorporates herein all defenses asserted by other Defendants.

2.   This non-jury action should be ready for trial by <u>August 16, 2011</u>, and at this time, is expected to take approximately two to three days.

3.   The parties request a pre-trial conference in <u>July, 2011</u>.

4.   Discovery Plan.

The parties jointly propose to the court the following discovery plan:

a.   Discovery will generally be needed on the following subjects:

   (i)   The Plaintiff's claims, the Defendants' defenses and/or counterclaim(s), and any further pleadings which may be allowed by the Court.

        (ii)    The insurance coverage issues involving the subject policies issued by Defendants or issued to Plaintiff by Amerisure Insurance and which are the subject of this declaratory judgment action.

b.    All discovery shall be commenced in time to be completed by <u>May 16, 2011</u>.

5.    Initial Disclosures.

The parties will exchange by <u>August 30, 2010</u>, the information required by Federal Rules of Civil Procedure 26(a)(1).

6.    The parties request until <u>December 31, 2010</u>, for the plaintiff and <u>January 31, 2011</u>, for the defendants to join additional parties and amend the pleadings.

7.    Reports from retained experts under Rule 26(a)(2) due from:

From plaintiff by <u>February 15, 2011</u>;

From defendants by <u>April 4, 2011</u>.

8.    Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) are due by <u>July 18, 2011</u>.

9.    Discovery Limits.

Maximum of forty interrogatories by each party to any other party. Responses due thirty days after service.

Maximum of ten depositions by plaintiffs and ten depositions by each defendant. Each disposition limited to a maximum of seven hours unless extended by the agreement of the parties without leave of court.

Maximum of forty requests for admission by each party to any other party. Responses due thirty days after service. Maximum of forty requests for production of documents to each party by any other party. Responses due thirty days after service.

10. All potentially dispositive motions shall be filed by June 13, 2011.

11. The underlying Dueitt Lawsuit is currently set for trial in November 2010. Assuming that case is not continued, the parties think they should be in a position to evaluate settlement by December 1, 2010. If that case is continued, however, the parties may not be in a position to evaluate settlement until after discovery in this action is completed.

12. Several Motions to Dismiss and a Motion to Join Amerisure as a Party are currently pending before the court.

Respectfully submitted this the 16th day of July, 2010.

/s/Joel H. Pearson           (by Consent)
Joel H. Pearson,
**Attorney for Defendant, Owners Insurance Company**

/s/Amelia Tait Driscoll           (by Consent)
**Attorney for Defendant, Zurich American Insurance Company**

/s/Kile T. Turner
Kile T. Turner, asb-8182-u83k
**Attorney for Plaintiff White-Spunner Construction, Inc.**

/s/ Jon M. Hughes     (by Consent)
**Employers Mutual Casualty Company**

F:\KILE\6757- White-Spunner\Pleadings\008.Report of Parties' Planning Meeting.doc