IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WHITE-SPUNNER CONSTRUCTION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 10-0158-WS-C ) |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on three motions to dismiss filed by the three defendants. (Docs. 12, 20, 24). Also before the Court is the motion of defendant Owners Insurance Company ("Owners") to join Amerisure Insurance ("Amerisure") as a required party and/or real party in interest. (Doc. 35). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 13, 20, 24, 32-36, 38, 39), and the motions are ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motions to dismiss are due to be granted in part and denied in part and that the motion to join Amerisure is due to be denied.

## BACKGROUND

According to the amended complaint, (Doc. 7), plaintiff White-Spunner Construction, Inc. ("White-Spunner") was the general contractor on an apartment construction project. During the project, an employee of Moore Electric Company ("Moore"), a subcontractor, was killed when a set of second-floor guardrails on which he leaned gave way, causing the employee to fall to his death. His administrator ("the Administrator") brought a wrongful death action in state court ("the Suit"), with the

[1]

defendants including White-Spunner and subcontractors Building Materials Wholesale, Inc. ("Building"); McAdams Vinyl Siding & Trim, Inc. ("McAdams"); and Livingston Construction, Inc. ("Livingston").

Defendant Zurich American Insurance Company ("Zurich") insured Building. Defendant Employers Mutual Casualty Company ("Employers") insured Moore. Defendant Owners insured McAdams and Livingston. The policy of each defendant named White-Spunner as an additional insured. In this declaratory judgment action, White-Spunner seeks a declaration that each defendant has a duty to defend White-Spunner in the Suit and a duty to indemnify White-Spunner should a verdict be rendered against it in the Suit.

## DISCUSSION

The defendants, or subsets of them, raise the following arguments: (1) the request for a declaration as to indemnity and/or defense is premature because the Suit is ongoing; (2) the amount in controversy has not been established; (3) the Administrator is an indispensable party; and (4) Amerisure is a necessary party and/or a real party in interest.

**I. Ripeness.**

The parties agree that the complaint's request for a declaration concerning duty to indemnify is premature and will remain so until the Suit is resolved. (Doc. 32 at 2; Doc. 33 at 4; Doc. 34 at 4; Doc. 36 at 3). Some of the defendants, citing *Triple R Paving, Inc. v. Liberty Mutual Insurance Co.*, 510 F. Supp. 2d 1090 (S.D. Fla. 2007), insist that the request for a declaration concerning duty to defend is likewise premature and ask the Court to stay proceedings as to it pending resolution of the Suit.

This Court has previously held that the duty to defend a suit against the insured is a present obligation existing during the pendency of the suit, such that a dispute concerning defense obligations presents a ripe controversy. Moreover, because the existence of the duty is determined by the policy and the allegations of the complaint, its resolution need not await factual development in the underlying litigation. *Atlantic*

*Casualty Insurance Co. v. GMC Concrete Co.*, 2007 WL 4335499 at *5 (S.D. Ala. 2007); *accord W.G. Yates & Sons Construction Co. v. Zurich American Insurance Co.*, 2008 WL 161921 at *7 (S.D. Ala. 2008). Many district court cases from Alabama agree.[1] Whatever the merit of the *Triple R* approach,[2] this Court follows the path it has trod before. White-Spunner's request for a declaration that the defendants have a duty to defend it is ripe, and resolution of the issue will not be delayed simply because the Suit remains pending.

Some of the defendants argue that the Court should dismiss the indemnity aspect of the lawsuit rather than simply stay it. This question as well was resolved in *GMC Concrete*, where the Court concluded that the indemnity portion would be held in abeyance pending resolution of the underlying lawsuit and/or the duty to defend. 2007 WL 4335499 at *5-6. The defendants offer no good reason to revisit that conclusion, and the Court declines to do so.[3]

---

[1] *E.g., Canal Insurance Co. v. Cook*, 564 F. Supp. 2d 1322, 1325 (M.D. Ala. 2008) (Thompson, J.); *Colony Insurance Co. v. Floyd's Professional Tree Service*, 2008 WL 2705123 at *3 (M.D. Ala. 2008) (Moorer, M.J.); *Colony Insurance Co. v. Griffin*, 2007 WL 4181738 at *2 (M.D. Ala. 2007) (Fuller, J.); *State Farm Fire & Casualty Co. v. Myrick*, 2007 WL 3120262 at *2-3 (M.D. Ala. 2007) (Watkins, J.); *Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999) (Propst, J.); *State Farm Fire & Casualty Co. v. Middleton*, 65 F. Supp. 2d 1240, 1243-44, 1248 (M.D. Ala. 1999) (DeMent, J.).

[2] The *Triple R* Court recognized that, under Florida law, the existence of a duty to defend "is based solely on the allegations of the [underlying] complaint." 510 F. Supp. 2d at 1094 n.1. The Court reviewed those allegations and concluded that "Liberty Mutual has a duty to defend Triple R in the Matthews lawsuit." *Id*. The Court did not expressly square these propositions with its statement that, "[w]ithout knowing where the ultimate liabilities lie, the Court cannot issue a declaratory judgment as to whether Liberty Mutual has a duty to defend Triple R pursuant to the 'additional insured' portion of its policy." *Id*. at 1095.

[3] The Court has on other occasions dismissed premature requests for a declaration of indemnity obligations. In those cases, however, no issue of a duty to defend remained, and the Court declined to retain a case with no ripe aspects. *See Pennsylvania National Mutual Casualty Insurance Co. v. Roberts Brothers, Inc.*, 550 F. Supp. 2d 1295, 1302-03, 1311-12 (S.D. Ala. 2008) (dismissing unripe indemnity claim once duty to defend was resolved on motion for summary judgment); *W.G. Yates*, 2008 WL 161921 at *6, 14-15 (same); *Employers Mutual Casualty Co. v. All Seasons Window & Door Manufacturing, Inc.*, 387 F. Supp. 2d 1205, 1206-
(Continued)

Owners laconically suggests the Court should exercise its discretion and stay this action under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). There is some question whether this action and the Suit are "parallel" so as to implicate full-fledged *Wilton/Brillhart* analysis. *See generally State Farm Fire and Casualty Co. v. Knight*, 2010 WL 551262 at *3 (S.D. Ala. 2010) (reviewing various approaches to the issue). But even if the analysis applies, Owners has not employed it, and the Court will not do so on its behalf.[4] Suffice it to say that Owners' position appears no stronger than that of the insurer in *Knight*, where the Court easily concluded that a stay was unwarranted.

In summary, the request for a declaration as to duty to indemnify is premature, and the action will be stayed but not dismissed as to that request. The request for a declaration as to duty to defend is not premature, and the action will not be stayed as to that request.

**II. Amount in Controversy.**

"[W]here jurisdiction is based on a claim for indeterminate damages, ... the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). This principle applies to declaratory judgment actions brought in federal court by an insurer. *Id*. In such cases, the raw conclusion of the plaintiff that the amount in controversy exceeds the jurisdictional amount does not keep the damages

---

07, 1212 (S.D. Ala. 2005) (dismissing unripe indemnity claim when no claim of duty to defend was raised).

[4] The Eleventh Circuit has provided an extensive list of factors to consider in evaluating *Wilton/Brillhart* abstention. *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). Owners did not address *Ameritas* or its factors, even after White-Spunner identified them in its brief in opposition.

sought from being indeterminate. *Id*. at 808 (a prayer for damages is indeterminate for purposes of this rule if the complaint "'does not allege a specific amount of damages'"") (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Because the amended complaint alleges only that the amount in controversy exceeds $75,000, (Doc. 7 at 2, ¶ 7), White-Spunner must establish the existence of subject matter jurisdiction.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *McKinnon Motors*, 329 F.3d at 807 (internal quotes omitted). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (en banc). "[I]n declaratory judgment cases [such as this one] that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy." *E.g., Hartford Insurance Group v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotes omitted); *accord Toler v. State Farm Mutual Automobile Insurance Co.*, 25 Fed. Appx. 141, 144 (4th Cir. 2001); *Farmers Insurance Co. v. McClain*, 603 F.2d 821, 823 (10th Cir. 1979).

The complaint in the Suit does not identify an amount demanded. Before this action was filed, however, plaintiff's counsel in the Suit made a settlement demand on the defendants of $15 million. (Doc. 32, Exhibit B). No doubt a degree of puffing was involved in the demand, but the Court need not rely on the demand alone.

District courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin North America, Inc.*, 2010 WL 3033802 at *2 (11th Cir. 2010). In an Alabama wrongful death case, a court may consider the finality of death, the propriety of punishing the defendant, whether the defendant could have prevented the death and how difficult prevention would have been, and the public's interest in deterring

others from engaging in like conduct. *Id*. at \*5. "[T]he worse the defendant's conduct was, the greater the damages should be." *Id*.

As in *Roe*, the defendants in the Suit allegedly "destroyed something that possessed, according to Alabama law, a value beyond measure: a human life." 2010 WL 3033802 at \*6. Also as in *Roe*, the complaint alleges the defendants acted wantonly, which means the damages should be greater and which also implies the death could have been prevented. Indeed, the complaint indicates the death could have been easily prevented by the simple expedient of properly fastening the guardrails to some fixed structure. Even if White-Spunner was not directly involved in the placement of the guardrails, and even if its culpability could, on that ground or some other, be viewed as less than that of other defendants, "each joint tortfeasor is jointly and severally liable for the entire award, regardless of how slight its culpability." *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374 n.7 (S.D. Ala. 2009) (citing *Campbell v. Williams*, 638 So. 2d 804, 809-12 (Ala. 1994)). Viewed in the light of these factors, judicial experience and common sense reveal that the value of the underlying claim as to White-Spunner exceeds $75,000. Because the limits of each policy also exceed $75,000, White-Spunner has met its burden of establishing that the amount in controversy exceeds $75,000.

**III. Indispensable Party.**

The purpose of this lawsuit is to determine whether the defendants have a duty to defend White-Spunner in the Suit and (once the question is ripe) whether they have a duty to indemnify White-Spunner for any liability it may incur in the Suit. Certain defendants assert that this makes the Administrator both a necessary party and an indispensable one.

A necessary party is one described by Rule 19(a). *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). There are several potential bases for identifying a necessary party, but the defendants rely on this one: "th[e] person claims an interest relating to the subject of the action and is so situated that disposing of the action

in the person's absence may … as a practical matter impair or impede the person's ability to protect the interest …." Fed. R. Civ. P. 19(a)(1)(B)(i).

In *Ranger Insurance Co. v. United Housing, Inc.*, 488 F.2d 682 (5th Cir. 1974), an insurer filed a declaratory judgment action against its insureds, seeking a declaration of its non-liability for claims arising from a fatal crash of the insureds' plane. The insurer did not join the persons who sued the insureds over the fatal crash ("the claimants"). The former Fifth Circuit held that the claimants satisfied the quoted portion of Rule 19(a). *Id.* at 683 n.3. First, they were "interested parties." *Id.* at 683. Second, without joinder the claimants' ability to protect their interest would be impaired or impeded because an adverse ruling in the declaratory judgment action, even if not a full bar to their own efforts to obtain insurance proceeds to pay an award in their favor, would as a practical matter make it more difficult to establish a right to such payment. *Id.*

White-Spunner does not address *United Housing*, much less attempt to distinguish it. Instead, White-Spunner notes that, in order to obtain intervention as of right under Rule 24(a), "the party's interest in the subject matter of the litigation [must be] direct, substantial and legally protectable." *Mt. Hawley Insurance Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (internal quotes omitted). A legally protectable interest requires "more than an economic interest," and an injured party's interest in the result of a declaratory judgment action between the tortfeasor and its insurer is "purely economic." *Id.* (internal quotes omitted). Moreover, a legally protectable interest does not exist if it hinges on the possible future result of the injured party's suit against the tortfeasor. *Id.* *Sandy Lake* indicates the Administrator could not intervene as of right, but it does not demonstrate that she is not a necessary party.[5]

---

[5] The language by which Rule 24(a) describes one entitled to intervene as of right strongly echoes the quoted language from Rule 19(a), which might suggest the latter rule should similarly extend only to those with a legally protected interest. While the Third Circuit has concluded that a legally protected interest is required by Rule 19(a), *Liberty Mutual Insurance Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3rd Cir. 2005), White-Spunner does not suggest that the Eleventh Circuit has followed suit. Given the ruling in *United Housing*, which held the tort (Continued)

White-Spunner also argues that the Administrator is not a necessary party as to the its duty to defend claim because she has no interest in the source of the funds used to pay White-Spunner's legal costs. What White-Spunner overlooks is that decisions on duty to defend bleed over to the duty to indemnify (as to which White-Spunner admits the Administrator has an interest). If, for example, a duty to defend is precluded because the injured party's complaint alleges only claims as to which there is no coverage or as to which an exclusion applies, or because the insured has inexcusably breached a valid condition to coverage, a duty to indemnify may also be precluded, depending on what ultimately occurs in the underlying litigation. Precisely because she has an interest in the duty to indemnify, the Administrator has an interest in the duty to defend.

White-Spunner next argues that, even if the Administrator has an interest in the duty to defend claim, her interest is adequately protected by White-Spunner, since both desire to establish that coverage exists. Several of the cases White-Spunner cites – all of which are district court opinions from outside the Eleventh Circuit – appear to support this proposition (at least when the declaratory judgment plaintiff is the insured rather than the insurer). The problem with this approach is that, while Rule 24(a) expressly excludes intervention as of right when "existing parties adequately represent [the non-party's] interest," Rule 19(a) says nothing about the adequacy of vicarious representation defeating one's status as a necessary party. Given the near-parallel language of the two rules, it cannot easily be concluded that Rule 19(a) encompasses such considerations sub silentio. *See Liberty Mutual Insurance Co. v. Treesdale*, 419 F.3d 216, 230 (3rd Cir. 2005) ("Rule 19 does not invite inquiry into the adequacy of representation."). The official commentary to Rule 24 supports this conclusion, since it notes that Rule 24(a) "provides that an applicant is entitled to intervene in an action when his position is comparable to that of a person under Rule 19(a)(2)(i), as amended, unless his interest is

---

claimants to be necessary parties even without a legally protected interest as defined in *Sandy Lake*, it could not easily do so.

already adequately represented in the action by existing parties." If Rule 19(a) included such a qualifier, it would make little sense for the commentary to treat the qualifier as something present in Rule 24 but not in Rule 19. The Court declines to adopt the position of White-Spunner's authorities.

A necessary party, such as the Administrator, is "required" to be joined "if feasible." Fed. R. Civ. P. 19(a). Joinder is generally feasible if the one to be joined is subject to service of process and will not deprive the Court of subject matter jurisdiction, as by eliminating complete diversity. *Id.* Rule 19(a)(1); *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003); *Tick v. Cohen*, 787 F.2d 1490, 1493-94 (11th Cir. 1987). There is no indication that the Administrator, whom White-Spunner identifies as an Alabama citizen, (Doc. 32 at 10), is not subject to service of process.

White-Spunner nevertheless says that joinder is not feasible because joining the Administrator will destroy the complete diversity of citizenship on which subject matter jurisdiction is based. White-Spunner is an Alabama citizen, while the defendants are citizens of Illinois, Ohio and Iowa. (Doc. 7 at 1). For the joinder of the Administrator to adversely affect diversity jurisdiction, she would have to be a party defendant. White-Spunner has not explained why the Administrator, whose interests it insists are identical to its own and inimical to those of the defendants, would be joined as a defendant rather than as a plaintiff. "A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). This language suggests the Administrator could be made a party plaintiff, obviating diversity concerns, if she consents to such treatment.[6] Even were the Administrator to be joined as a defendant, as a general rule "[i]t is well settled that federal courts are not bound by the

---

[6] It is doubtful whether she could be made an involuntary plaintiff. *See Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 961-62 (5th Cir. 1973) (while not ruling out broader treatment, acknowledging that, under the relevant authorities, a person can be made an involuntary plaintiff under this rule "only … where the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action.").

alignment of the pleader as to parties plaintiff or defendant; but that they will work out the relation of each party to the suit according to the nature of his real interest, and then decide the question of jurisdiction." *Peters v. Standard Oil Co.*, 174 F.2d 162, 163 (5th Cir. 1949).

White-Spunner insists that the Administrator's joinder would eliminate diversity jurisdiction because, if it is correct on this point, joinder cannot be ordered under Rule 19(a) but only under Rule 19(b),which applies when persons required to be joined if feasible "cannot be joined." In view of the parties' complete failure to address White-Spunner's unexplained position as to diversity jurisdiction, the Court will not endeavor to determine its accuracy but will instead accept it for present purposes. The Court therefore turns to Rule 19(b).

That rule requires the Court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The Court is to consider the extent to which the Administrator (or the existing parties) might be prejudiced by proceeding without her; the extent to which the prejudice could be lessened or avoided; whether a judgment absent the Administrator would be adequate; and whether White-Spunner would have an adequate remedy were the action dismissed. Fed. R. Civ. P. 19(b)(1)-(4).

The *United Housing* Court applied these factors in the context of an insurer's declaratory judgment action against its insured and "conclude[d] that the claimants are indispensable parties under the conventional Rule 19(b) approach." 488 F.2d at 683. As to the first factor, the claimants' interests would be prejudiced because "they would have to contend with the stare decisis effect" of a judgment in favor of the insurer, even though the judgment probably would not be a complete bar to their efforts. *Id.* As to the third factor, whether a judgment is adequate measures "the public interest in efficient, nonrepetitive litigation," which would be damaged by deciding coverage issues in both a declaratory judgment action against the insured and again in a direct action by the injured party. *Id.* at 684. As to the second factor, any effort to avoid prejudice would aggravate

the harm to the public interest under the third factor, and vice versa. *Id*. As to the fourth factor, the insurer could easily pursue a declaration of rights in state court. *Id*.

White-Spunner again ignores *United Housing*, and its brief effort to construct a Rule 19(b) argument runs dead into that binding precedent. The only authority White-Spunner cites is *Evangelical Lutheran Church of America v. Atlantic Mutual Insurance Co.*, 173 F.R.D. 507 (N.D. Ill. 1997), but the Eleventh Circuit has already announced that, in light of *United Housing*, "it probably would have been error" to employ the *Evangelical Lutheran* analysis. *American Safety Casualty Insurance Co. v. Condor Associates, Ltd.*, 129 Fed. Appx. 540, 542 (11th Cir. 2005). Based on *United Housing*, the Court concludes that the Administrator, if she cannot be joined, is an indispensable party such that the inability to join her requires dismissal of this action.

The defendants seek the immediate dismissal of the action for failure to join the Administrator pursuant to Rule 19(b). As noted above, however, Rule 19(b) applies only when a necessary party "cannot be joined," and the parties have failed to satisfactorily address whether the Administrator can be joined without destroying diversity jurisdiction. If she cannot, dismissal will be required under Rule 19(b) for the reasons stated above; if she can, Rule 19(b) will not come into play. On the present briefing, dismissal is premature.

**IV. Necessary Party – Amerisure.**

Owners has filed a bare-bones, conclusory motion to add Amerisure as a required party. (Doc. 35). Owners attempts to correct the deficiency by filing an extensive reply brief that expands its grounds and offers reasoning for the first time. (Doc. 39).[7] District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[8] Owners offers no reason the Court should depart from that rule in this case,

---

[7] Owners' 21-page brief violates Local Rule 7.1(b).

[8] *See Park City Water Authority v. North Fork Apartments, L .P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The (Continued)

and the Court declines to do so. Accordingly, Owners is confined to the arguments raised in its initial brief.[9]

Owners notes that Amerisure, White-Spunner's insurer, has paid all of White-Spunner's defense costs, now exceeding $130,000. White-Spunner concedes as much. (Doc. 38 at 5). While other courts disagree,[10] in this Circuit a partial subrogee is not a necessary party to its insured's suit for the full amount of loss. *Dudley v. Smith*, 504 F.2d 979, 983 (5th Cir. 1974). Owners has not acknowledged or distinguished *Dudley*.

Owners argues that it is exposed to the risk of incurring double, multiple or otherwise inconsistent obligations if Amerisure is not joined. It does not explain how this is so, and the *Dudley* Court ruled that "[a]ny multiplicity of suit risk can be obviated by final judgment of the district court at the request of" one such as Owners. 504 F.2d at 983. Again, Owners does not address *Dudley*.

---

Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).

[9] For the same reason, the Court will not consider Owners' belated argument that it is entitled to dismissal because it has offered to pay White-Spunner's defense costs; Employers' tardy arguments that it has no duty to defend because Moore is not a party to the Suit, because White-Spunner is not an additional insured, and because the complaint in the Suit does not make allegations triggering coverage; or any other argument first raised in a reply brief.

[10] *E.g., Kreuger v. Cartwright*, 996 F.2d 928, 934 (7th Cir. 1993); *Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 85 (4th Cir. 1973).

Finally, Owners encourages the Court to join Amerisure so that the Court may allocate defense costs among the various insurers. This may be a reasonable desire, but it does not satisfy any of the tests for identifying a necessary party.

**V. Real Party in Interest – Amerisure.**

Owners' skeletal motion also alleges that Amerisure should be joined as a real party in interest, because White-Spunner's complaint seeks a declaration that the defendants must "reimburse" White-Spunner for its incurred defense costs. Since Amerisure rather than White-Spunner actually paid those costs, Owners reasons, Amerisure must be the real party in interest for purposes of recouping those expenses.

Since White-Spunner has paid no defense costs, it cannot be "reimbursed" them in this lawsuit. The solution is to deny White-Spunner any recovery for historical defense costs (because it has none); it is not to force Amerisure to sue for their recovery. *See, e.g., Garcia v. Hall*, 624 F.2d 150, 152 (10th Cir. 1980) (there is "broad authority for the proposition that where the insured brings suit for the entire loss, the partially subrogated insurance company need not be named a party to the suit under Fed.R.Civ.P. 17(a)"). Owners, which provides no argument or authority in support of its position, has failed to demonstrate that joinder is nevertheless required.

**CONCLUSION**

For the reasons set forth above, the motions to dismiss are **granted** to the extent they seek a stay of White-Spunner's claim seeking a declaration that it is entitled to indemnity. That portion of this lawsuit is **stayed** pending further order of Court. The motions to dismiss are in all other respects **denied**. The motion to join Amerisure is also **denied**.

DONE and ORDERED this 30th day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE