**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WHITE-SPUNNER CONSTRUCTION, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION 10-0158-WS-C** |
| **ZURICH AMERICAN INSURANCE COMPANY, et al.,** | ) ) ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the motion of Amerisure Mutual Insurance Company ("Amerisure") for permissive intervention. (Doc. 73). Certain existing parties filed briefs in opposition, (Docs. 73, 82), Amerisure declined to file a reply, (Doc. 74), and the motion is ripe for resolution.

**BACKGROUND**

According to the amended complaint, (Doc. 7), plaintiff White-Spunner Construction, Inc. ("White-Spunner") was the general contractor on an apartment construction project. During the project, an employee of Moore Electric Company ("Moore"), a subcontractor, was killed when a set of second-floor guardrails on which he leaned gave way, causing the employee to fall to his death. His administrator ("the Administrator") brought a wrongful death action in state court ("the Suit"), with the defendants including White-Spunner and subcontractors Building Materials Wholesale, Inc. ("Building"); McAdams Vinyl Siding & Trim, Inc. ("McAdams"); and Livingston Construction, Inc. ("Livingston").

Defendant Zurich American Insurance Company ("Zurich") insured Building. Defendant Employers Mutual Casualty Company ("Employers") insured Moore. Defendant Owners insured McAdams and Livingston. The policy of each defendant named White-Spunner as an additional insured. In this declaratory judgment action, White-Spunner seeks a declaration that each defendant has a duty to defend White-Spunner in the Suit and a duty to indemnify White-Spunner against any liability in the Suit. (Doc. 7 at 4-5).

Because the Suit remained pending and a decision as to the duty to indemnify thus premature, the Court stayed this action as to indemnity. (Doc. 42 at 13). Because the Court has now been notified that White-Spunner and the Administrator have executed a pro tanto settlement, (Doc. 73 at 2; Doc. 79 at 3-4), that stay is **lifted**.

Amerisure insured White-Spunner. It provided White-Spunner's defense in the Suit and provided the settlement funds. (Doc. 73 at 2). As subrogee, Amerisure seeks permission to intervene as a party plaintiff under Rule 24(b). Amerisure seeks the same relief as White-Spunner: declarations that the defendants have duties to defend and indemnify White-Spunner. Owners and Employers oppose intervention.

## DISCUSSION

The two essential elements for permissive intervention under Rule 24(b) are: "(1) the application to intervene was timely; and (2) the intervenor's claim or defense and the main action have a question of law or fact in common." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996). Neither Amerisure, Owners nor Employers addresses these elements.

"In determining whether a motion to intervene was timely, we consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of [its] interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the

extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002). "This analysis applies whether intervention of right or permissive intervention … is claimed." *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983). The burden is on the proposed intervenor to show that its motion is timely. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

The Suit was filed against White-Spunner and certain of the defendants' insureds in 2009. (Doc. 13, Exhibit 1). Amerisure provided White-Spunner a defense of the Suit. (Doc. 73 at 2). This action was filed in April 2010, by the same counsel that represent Amerisure on its motion to intervene. The Court concludes that Amerisure has known of its interest in this case since April 2010. Its motion to intervene was filed in December 2010, over eight months later. However, "absolute measures of untimeliness, such as how far the litigation has progressed when intervention is sought and the amount of time that may have elapsed since the institution of the action are not to be relied upon." *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1479 (11th Cir. 1993), *abrogated on other grounds, Dillard v. Chilton County Commission*, 495 F.3d 1324 (11th Cir. 2007) (internal quotes omitted); *accord Worlds v. Department of Health and Rehabilitative Services*, 929 F.2d 591, 595 n.18 (11th Cir. 1991) ("[The] length of time since initiation of litigation [is] irrelevant in determining timeliness.").

"The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene." *McDonald v. E. J. Lavino Co*., 430 F.3d 1065, 1073 (5th Cir. 1970).; *accord Meek*, 985 F.2d at 1479 (prejudice to existing parties "is the essence of the timeliness inquiry"). The only prejudice that matters is that occasioned by the intervenor's delay in seeking intervention; delay of the trial or ultimate resolution of the case is irrelevant to timeliness. *Stallworth v. Monsanto Co*., 558 F.2d 257, 265 (11th Cir. 1977); *Meek*, 985 F.2d at 1479. This factor is most commonly in play when intervention

is sought after entry of judgment,[1] but this case has not proceeded to trial. The litigants do not identify, and the Court cannot detect, any legally relevant prejudice to the existing parties were Amerisure to intervene at this juncture.

As for prejudice to Amerisure should intervention be denied, "[t]he burdens of cost and delay the would-be intervenor would suffer if required to bring a future lawsuit do not constitute prejudice under [this] factor." *Jefferson County*, 720 F.2d at 1517 n.13. Rather, "the thrust of the inquiry must be the extent to which a final judgment in the case may bind the movant even though he is not adequately represented by an existing party." *Id.* at 1517; *accord Meek*, 985 F.2d at 1479. Amerisure does not assert that it will or may be detrimentally bound by any resolution of the lawsuit in its absence, and White-Spunner (represented by the same counsel) guarantees that, if intervention is denied, Amerisure will file a "separate declaratory judgment action … immediately thereafter." (Doc. 108 at 18).

As for the final factor in gauging timeliness, neither side identifies any additional or unusual circumstances the Court should consider.

In review, Amerisure delayed seeking intervention for eight months, but neither it nor the parties will experience any legally relevant prejudice from the Court's ruling on intervention. Because prejudice vel non to the existing parties is the most important factor in gauging timeliness, even a lengthy delay in seeking intervention does not outweigh that lack of prejudice. Accordingly, the Court concludes that Amerisure's motion to intervene is timely as contemplated by Rule 24(b).

Once timeliness is established, intervention is permissible if Amerisure "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Amerisure's position in this lawsuit, as a subrogee, is

---

[1] *See, e.g., Purcell*, 85 F.3d at 1514; *Jefferson County*, 720 F.2d at 1517.

essentially the same as that of White-Spunner.  This requirement for permissive intervention is easily satisfied.

Once a court has determined that a motion to intervene is timely and that the intervenor has a claim or defense with a question of law or fact common to the existing action, it has discretion whether to allow permissive intervention.  *Worlds*, 929 F.2d at 595.  "[I]t is appropriate to consider the total passage of time in determining the ultimate question of permissive intervention."  *Id*.  Moreover, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

In applying *Worlds*, the total passage of time from April to December is not as troubling to the Court as is the four-month delay between White-Spunner's settlement of the Suit (with Amerisure's funds) and Amerisure's motion to intervene, which was filed only nine days before the discovery period ended and became ripe only after it expired.  Owners and Employers understandably question this delay, yet Amerisure filed no reply brief to explain it.

Owners and Employers also express concern that allowing intervention now – after discovery has concluded, cross-motions for summary judgment have become ripe, and the final pretrial conference looms only six weeks away – will delay or prejudice the adjudication of their rights within the contemplation of Rule 24(b)(3).  And perhaps it might, were Amerisure permitted to engage in discovery, challenge the defendants' motions for summary judgment, or submit its own dispositive motions.  But Amerisure has not requested any such relief, and the Court construes Amerisure's silence in the face of the defendants' stated concerns as a tacit concession it will not seek such relief.  There appears to be no good reason to allow Amerisure to engage in discovery, file separate dispositive motions or respond to the pending ones, since it stands on the same footing as White-Spunner and is even represented by the same counsel.  The complaint in intervention is substantively a carbon copy of White-Spunner's complaint, and Amerisure acknowledges that its "interests are perfectly aligned with White-Spunner's and the

coverage issues involve exactly the same policy language." (Doc. 73 at 4). Under these circumstances, Amerisure will not be permitted, over objection of any party, to conduct discovery, file dispositive motions, or brief the pending dispositive motions. Thus, allowing intervention should not unduly delay or prejudice the adjudication of the original parties' rights.

Owners objects separately that White-Spunner successfully challenged Owners' previous motion (filed before the Suit was settled) to join Amerisure as a required party or as a real party in interest. (Doc. 79 at 3). Even if White-Spunner's objection may be laid at the feet of Amerisure, Owners' motion did not fail due to White-Spunner's opposition but because Owners' "bare-bones, conclusory" and "skeletal" motion "provides no argument or authority in support of its position." (Doc. 42 at 12-14). White-Spunner's position on Owners' motion furnishes no grounds to deny Amerisure's motion to intervene.

Owners suggests that allowing Amerisure to intervene will destroy complete diversity of citizenship. (Doc. 79 at 10). However, "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). In particular, subject matter jurisdiction is not lost by the permissive intervention of one who was not an indispensable party when suit was filed. *Id*. Owners has not attempted to show that Amerisure's intervention will deprive the Court of jurisdiction.

**CONCLUSION**

Despite Amerisure's unexplained delay in seeking intervention, the Court concludes that it should exercise its discretion in favor of allowing intervention. Accordingly, the motion for intervention is **granted**. Amerisure is **ordered** to file and serve its complaint in intervention on or before **March 4, 2011**. Any defendant seeking to extend its pending motion for summary judgment to cover Amerisure's complaint is **ordered** to file and serve a statement to that effect, without additional briefing, on or

before **March 4, 2011**. If Amerisure seeks to adopt White-Spunner's motion for partial summary judgment and/or briefing in opposition to the defendants' motions for summary judgment, it is **ordered** to file and serve a statement to that effect, without additional briefing, on or before **March 4, 2011**. Any party questioning the Court's subject matter jurisdiction in light of Amerisure's intervention is **ordered** to file and serve a fully-briefed motion to dismiss on or before **March 4, 2011**.

DONE and ORDERED this 28th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE