# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WHITE-SPUNNER CONSTRUCTION, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 10-0158-WS-C ) |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant Owners Insurance Company ("Owners") to dismiss for lack of subject matter jurisdiction. (Doc. 123). Owners and intervening plaintiff Amerisure Mutual Insurance Company ("Amerisure") have filed briefs in support of their respective positions, (Docs. 125, 132, 138), and the motion is ripe for resolution.

## BACKGROUND

The original plaintiff in this action, White-Spunner Construction, Inc. ("White-Spunner"), was the general contractor on an apartment construction project. Among the subcontractors on the project were Moore Electric Company ("Moore"); Building Materials Wholesale, Inc. ("Building"); McAdams Vinyl Siding & Trim, Inc. ("McAdams"); and Livingston Construction, Inc. ("Livingston"). The defendants in this action are the subcontractors' insurers. In particular, defendant Employers Mutual Casualty Company ("Employers") insured Moore, defendant Zurich American Insurance Company ("Zurich") insured Building, and defendant Owners insured McAdams and Livingston.

[1]

During the project, a Moore employee was killed when a set of second-floor guardrails on which he leaned gave way, causing the employee to fall to his death. His administrator brought a wrongful death action in state court ("the Suit"), with the defendants including White-Spunner, Building, McAdams and Livingston. It is unclear when the Suit was filed, but a first amended complaint naming these defendants and others was filed on October 14, 2009. (Doc. 32, Exhibit A).

This action was filed April 1, 2010. (Doc. 1). White-Spunner's amended complaint, filed two weeks later and substantively identical to the original, alleges that the policy of each defendant named White-Spunner as an additional insured. (Doc. 7 at 3). The amended complaint seeks a declaration that each defendant has a duty to defend White-Spunner in the Suit and a duty to indemnify White-Spunner against any liability in the Suit. (*Id*. at 4-5). Subject matter jurisdiction over this action was founded on diversity of citizenship. No party contests that White-Spunner is a citizen only of Alabama and that none of the defendants is a citizen of Alabama.

In December 2010, Amerisure filed a motion for permissive intervention as a plaintiff under Rule 24(b), (Doc. 73), which the Court granted. (Doc. 114). The complaint in intervention states that Amerisure is White-Spunner's insurer; that it has paid White-Spunner's defense costs in the Suit and also settled the claims against White-Spunner;[1] that it is equitably subrogated to White-Spunner's rights; and that it seeks contribution from the defendants for the cost of defense and indemnity. (Doc. 117).[2]

Both Amerisure and Owners are citizens of Michigan. (Doc. 48 at 2; Doc. 117 at 1).[3] In opposing intervention, Owners warned generally that "complete diversity may not

---

[1] Other documents in the file reflect that White-Spunner's pro tanto settlement of the Suit occurred in August 2010. (Doc. 79 at 4; *id*., Exhibit D at 6).

[2] With the parties' agreement, White-Spunner was recently dismissed on the grounds that only Amerisure has an interest in recovering defense costs or indemnity. (Doc. 150).

[3] White-Spunner alleged that Owners is a citizen only of Ohio. (Doc. 7 at 1). Amerisure does not contest Owners' assertion that it is a citizen of both Ohio and Michigan.

exist" should Amerisure intervene but conceded it did not know the correct result. (Doc. 79 at 9-10 & n.7). The Court found Owners' presentation inadequate to preclude intervention but allowed Owners to file a post-intervention challenge to subject matter jurisdiction. (Doc. 114 at 6-7). The instant motion followed.

### DISCUSSION

"The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The parties disagree as to precisely what post-filing alterations in citizenship imperil continuing diversity jurisdiction, but Amerisure concedes that jurisdiction has been destroyed if it was an indispensable party on April 1, 2010. (Doc. 132 at 3, 5, 8, 9). The burden thus falls to Amerisure to establish that it was not an indispensable party as of that date.

As noted, the Suit was filed at least six months before April 2010. White-Spunner, represented by the same counsel as Amerisure, admits that, "[f]rom the very beginning of the underlying litigation, Amerisure was the only insurance carrier that provided a defense for White-Spunner …." (Doc. 73 at 2). That is, Amerisure rather than White-Spunner incurred defense costs between October 2009 and April 2010. Amerisure thus clearly had an interest in the subject matter of this litigation when the action was filed.

Amerisure asserts, presumably correctly, that it is possible to have an interest in litigation without being an indispensable party. (Doc. 132 at 5). But the existence of that interest suggests that Amerisure could be an indispensable party, and Amerisure has done nothing to shoulder its burden of establishing that, despite appearances, it was not actually an indispensable party in April 2010.

On the contrary, Amerisure explicitly refuses to discuss "how subrogation works." (Doc. 132 at 2 n.2). Amerisure admits it was a "partial subrogee" in April 2010, (*id*. at 6), and it implies that it could become an indispensable party only after becoming "fully

subrogated" by paying the settlement amount, (*id.* at 8, 9), but its refusal to engage in a reasoned explication of governing principles backed by salient legal authority precludes it from carrying its burden of establishing that its ipse dixit is correct.

Instead, Amerisure contents itself to declare that the Court has already "held" that it was not an indispensable party in April 2010 and that this ruling is final under the "law of the case" doctrine. (Doc. 132). Neither proposition is correct.

In June 2010, Owners filed what the Court aptly described as a "bare-bones, conclusory motion" to join Amerisure as a required party under Rule 19. The Court noted a former Fifth Circuit decision indicating that a partially subrogated insurer is not a necessary party in some situations and noted as well Owners' failure to acknowledge or distinguish that case. (Doc. 42 at 12). The Court determined neither that Amerisure is but a partial subrogee nor that its situation is indistinguishable from that of the insurer in the old Fifth Circuit opinion. The Court plainly did not hold that Amerisure *is not* an indispensable party but ruled only that Owners did not carry its burden of showing that Amerisure *is* an indispensable party.

Nor is the Court's ruling on Owners' motion sacrosanct. On the contrary, being interlocutory, the Court has "plenary power" to revisit its order. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (internal quotes omitted). The law-of-the-case doctrine, in contrast, "operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a previous appeal." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1288 (11th Cir. 2010) (internal quotes omitted). Now that the burden has shifted from Owners to Amerisure, it is not only appropriate but essential to visit afresh the issue of Amerisure's status.

Even had it established that a mere partial subrogee is not an indispensable party under the circumstances existing here (including a suit not against a tortfeasor but against additional insurers), Amerisure has not established that it was a mere subrogee in April 2010. It declares in brief that it was, but that is inadequate as a matter of law to demonstrate the truth of the proposition.

Moreover, the contract between White-Spunner and Amerisure is in the record, and it affirmatively indicates that White-Spunner's rights to recovery from the defendants were automatically transferred to Amerisure as Amerisure periodically paid defense costs. (Doc. 38, Exhibit 1 at 11). This suggests that White-Spunner's right to seek recovery from the defendants for the defense costs Amerisure had paid before April 1, 2010 had been divested and rested exclusively with Amerisure when this action was filed. This is important because there is authority that, in such a situation, only the insurer is the real party in interest as to such payments. *Broadnax v. Griswold*, 17 So. 3d 656, 659-60 (Ala. Civ. App. 2008). Perhaps Amerisure could have persuasively argued that the contract did not in fact work such a transfer of rights or that even as the real party in interest it was not an indispensable party, but it has not attempted to do so.[4] Again, the failure is fatal.

## CONCLUSION

For the reasons set forth above, Owners' motion to dismiss for lack of subject matter jurisdiction is **granted**. This action is **dismissed without prejudice** for want of jurisdiction.

DONE and ORDERED this 25th day of May, 2011.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Amerisure posits that the Court has already held that White-Spunner "actually transferred its interest to Amerisure during the pendency of this litigation – not before." (Doc. 132 at 6). The Court order to which Amerisure cites does not remotely support this proposition, which is simply incorrect. Amerisure also insists the Court has already held, and held unreviewably, that Amerisure was not a real party in interest when suit was filed. (*Id*. at 6-7). This is wrong for the same reasons it is wrong as to Amerisure's status as an indispensable party.